UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

FARKUKH KASSYMOV,

Petitioner,

v.

BRUCE SCOTT, *et al.*,

Respondents.

Case No. C26-3515-MLP

ORDER DENYING EMERGENCY MOTION

Petitioner Farkukh Kassymov is currently detained at the Northwest ICE Processing Center ("NWIPC"). He filed a Proposed Petition for Writ of Habeas Corpus (dkt. # 1) together with an Emergency Motion for Immediate Release from Unlawful Detention (dkt. # 2). He requests immediate release from detention or, alternatively, a custody hearing within seven days before a neutral decisionmaker. (*Id.* at 2.) He also asks this Court to enjoin Respondents from transferring him out of this District or removing him from the United States and requests an expedited briefing schedule. (*Id.*)

Though styled as an emergency motion for immediate release, this Court addresses Petitioner's motion under standards applicable to a motion for a temporary restraining order ("TRO"). A TRO, like any preliminary injunctive relief, "is an extraordinary remedy never

awarded as of right." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). To receive a TRO, Petitioner must establish that (1) he is likely to succeed on the merits, (2) he is likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of equities tips in his favor, and (4) an injunction is in the public interest. *Winter*, 555 U.S. at 20.

In response to the increased volume of immigration-related habeas corpus petitions, the Court issued General Order 08-26 to establish procedures for petitions for writ of habeas corpus under 28 U.S.C. § 2241. With respect to TROs, the General Order aims to "reduce the contemporaneous filing of motions for temporary restraining orders seeking release from custody or the relief that is otherwise requested by the habeas petition." W.D. Wash. Gen. Ord. 08-26 at 3. The General Order provides that TROs "should be reserved for matters where the petitioner alleges imminent, irreparable harm, such as imminent removal from the United States." *Id.*

Here, Petitioner argues that "[e]very day of unlawful physical custody is, by itself, irreparable injury." (Dkt. # 2 at 3.) Petitioner further provides that he is the sole operator of a business, and "his continued detention is destroying his livelihood and the income on which others rely." (*Id.*) However, he alleges no concrete facts demonstrating that his removal from the United States is, in fact, imminent. As the Supreme Court made clear in *Winter*, "a possibility of irreparable harm" is insufficient to demonstrate an entitlement to preliminary injunctive relief. 555 U.S. at 22. And at this stage of the proceedings, the Court cannot assess Petitioner's likelihood of success on his claims that his detention is unlawful.

The Court's standard Scheduling Order will be filed in this case as soon as the required filing fee is collected. The standard Scheduling Order requires Respondents to provide a Petitioner and his counsel "at least 48 hours' notice (or 72 hours' notice if the period extends into a weekend, holiday, or date the Court is closed) prior to any action to move or transfer any

Petitioner(s) from the Western District of Washington or to remove them from the United States.” (*See* GO 08-26, Ex. 2.) Petitioner’s concerns about his possible removal are adequately addressed by the impending Scheduling Order.

Based on the foregoing, the Court ORDERS as follows:

(1) Petitioner’s emergency motion (dkt. # 2) is DENIED without prejudice to Petitioner filing a subsequent emergency motion if circumstances change and he is able to satisfy all of the *Winter* criteria.

(2) The Clerk shall send copies of this Order to Petitioner and to counsel for Respondents.

Dated this 18th day of September, 2026.

MICHELLE L. PETERSON
United States Magistrate Judge